## State of Connecticut *v*. Salvatore Amendola

King, C. J., Murphy, Alcorn, Comley and Shannon, Js.

Argued October 14—decided November 10, 1964

*William J. Singer,* with whom, on the brief, was *Louis F. Chrostowski,* for the appellant (defendant).

*Harry W. Hultgren, Jr.,* assistant state's attorney, with whom, on the brief, were *John D. LaBelle,*

state's attorney, and *George D. Stoughton,* assistant state's attorney, for the appellee (state).

COMLEY, J. The defendant appeals from his conviction by a jury of conspiring with four other defendants to commit the crime of pool selling in violation of General Statutes §§ 54-197 and 53-295. He was also found guilty of pool selling under the second count of the information, and he pleaded guilty to being a second offender as charged in the second part of the information.

In his brief he pursues three assignments of error. The first relates to the denial of his motion to separate the trial of issues arising out of an incident claimed by the state to have occurred on January 11, 1963, from the trial of other issues arising out of a separate and distinct incident, not involving him, which was claimed by the state to have occurred on January 18, 1963. Whether separate trials should be allowed rests in the sound discretion of the trial court. *State* v. *Taborsky,* 147 Conn. 194, 198, 158 A.2d 239; *State* v. *McCarthy,* 133 Conn. 171, 174, 49 A.2d 594; *State* v. *Castelli,* 92 Conn. 58, 62, 101 A. 476. There is nothing in the record of this case to show an abuse of that discretion.

The second assignment of error pursued in the defendant's brief raises the claims that the search warrant used by the police on January 11, 1963, was defective and that the search made on that day was unreasonable. The court found that the warrant was actually issued by a judge of the Circuit Court on January 10, 1963, although it was dated December 11, 1963. This date obviously was a clerical error, and it resulted in no prejudice to the defendant. The search was in fact made on the day

after the warrant was issued. We cannot disturb the court's conclusion that there was no unreasonable delay in the execution of the warrant. See *State* v. *Cesero,* 146 Conn. 375, 379, 151 A.2d 338.

The defendant's final assignment of error is based on the denial of his motion for a directed verdict. The state insists that such a ruling affords no ground for appeal and cites *State* v. *Murphy,* 124 Conn. 554, 567, 1 A.2d 274, *State* v. *Fasano,* 119 Conn. 455, 459, 177 A. 376, and *State* v. *Boucher,* 119 Conn. 436, 437, 177 A. 383. The rule of these cases was supplanted by Practice Book, 1951, § 377, which was in effect when this appeal was taken and which expressly provided that "[i]f a party is aggrieved by the decision of the court or judge upon any question or questions of law arising in the trial, including the denial of a motion to direct . . . a verdict . . . , he may appeal from the final judgment of the court or of such judge." Here, the defendant did appeal from the final judgment, assigning as error the denial of his motion for a directed verdict. Thus, the ruling is before us for review.

Such a ruling, like the denial of a motion to set aside a verdict, is reviewed on the evidence alone and not on the finding. The defendant printed a summary of the evidence in the appendix to his brief. Quite naturally, it is not unfavorable to him. The state printed no appendix to its brief. This omission is surprising and is fatal to the state's case, for, if we look to the defendant's appendix alone, the state failed to make out a prima facie case against the defendant, who was therefore entitled to a directed verdict in his favor. If the state was entitled to have the case submitted to the jury on the basis of evidence not appearing in the defendant's appendix, we have been kept in the dark

by the state's failure to bring that evidence, or a statement of it, properly before us. It is true that the defendant failed to testify in his own behalf, but no adverse inference could be drawn from that failure until the state had established a prima facie case of guilt. *State* v. *Pundy,* 147 Conn. 7, 12, 156 A.2d 193; *State* v. *DeCoster,* 147 Conn. 502, 505, 162 A.2d 704.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.