STATE OF CONNECTICUT *v.* HAROLD R. BUTREWICH

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. MV 5-18532

Argued September 13—decided October 15, 1965

*Warren A. Luedecker,* of Bridgeport, for the appellant (defendant).

*Joseph H. Sylvester,* assistant prosecuting attorney, for the appellee (state).

PER CURIAM. After a trial before a jury, the defendant was found guilty of the crime of evading

responsibility in the operation of a motor vehicle in violation of § 14-224 of the General Statutes. On this appeal from his conviction, he has assigned as error (1) that the act with which he was charged is not encompassed within the meaning of the evading responsibility statute; (2) the denial of his motion to dismiss the information at the close of the state's case; and (3) the conclusion on all the evidence that he was guilty beyond a reasonable doubt.

The defendant argues that since the accident occurred on private property and not on a public highway § 14-224 does not apply. The defendant did not demur, nor did he raise this claim of law at the trial except that he mentioned it in his argument on his motion to dismiss. He made no request to charge in respect to it; the court made no mention of it in its charge, and the defendant took no exceptions to the charge. The court never ruled upon this claim of law. We are not bound to consider it. Practice Book §§ 652, 1023; *Shakro* v. *Haddad,* 149 Conn. 160, 163; *State* v. *Rafanello,* 151 Conn. 453, 456.

The defendant's second assignment of error, in the denial of his motion to dismiss at the close of the state's case, we likewise do not consider. "The denial of a motion to dismiss a criminal information has been repeatedly held to be not assignable as error." Maltbie, Conn. App. Proc. § 212; *State* v. *Boucher,* 119 Conn. 436, 437; *State* v. *Murphy,* 124 Conn. 554, 567.

As to the defendant's final assignment of error, in the conclusion upon all the evidence that the defendant was guilty beyond a reasonable doubt, the defendant did not move for a directed verdict or to set the verdict aside or for judgment notwithstanding the verdict. There was no action by the trial court on which the defendant could predicate

error in respect to the verdict. For the appellate court to consider and test the evidence in a jury trial as to the conclusion whether upon all the evidence guilt was established beyond a reasonable doubt, the defendant must move the trial court to set aside the verdict and then assign as error the denial of this motion. *State* v. *Schofield,* 114 Conn. 456, 459; *State* v. *Frost,* 105 Conn. 326, 331; Maltbie, Conn. App. Proc. §§ 181, 182, 201, 207. The evidence is not before us.

There is no error.

PRUYN, JACOBS and LEVINE, Js., participated in this decision.