FRANK A. WILLIAMS, ADMINISTRATOR (ESTATE OF
SCOTT A. WILLIAMS) *v.* THE CONSOLIDATED
CIGAR CORPORATION ET AL.

KING, C. J., MURPHY, ALCORN, HOUSE and COTTER, Js.

Argued June 9—decided July 12, 1966

*John P. McKeon,* for the appellant (plaintiff).

*William L. Hadden,* with whom, on the brief, were
*Clarence A. Hadden, David C. Hadden* and *Thomas
J. Corradino,* for the appellees (defendants).

MURPHY, J. The plaintiff's decedent, a boy of
about one month under six years of age, died as a
result of injuries sustained when he ran into the
roadway and collided with the left front of a truck
operated by the defendant Conrad Grant. Upon the
divergent and disputed evidence of the parties, the
jury returned a verdict for the defendants. The
plaintiff has pursued but four of his claims of error
on this appeal.

On the day of the accident, one of the passengers on the front seat of the truck was Cyrus Anderson. Like Grant, Anderson was then an employee of the named defendant. He was not, however, produced as a witness at the trial. There was no evidence that Anderson was either in the state or available at the time of trial. The court correctly charged on the inference to be drawn if the jury could conclude from the evidence that the witness was available. *Secondino* v. *New Haven Gas Co.,* 147 Conn. 672, 675, 165 A.2d 598; *Yavis* v. *Sullivan,* 137 Conn. 253, 263, 76 A.2d 99.

The court sustained the objection of the defendants to the plaintiff's question to a witness on cross-examination. The plaintiff made no attempt to state his claim of admissibility. The ruling cannot be held erroneous. *Casalo* v. *Claro,* 147 Conn. 625, 630, 165 A.2d 153.

A police officer who investigated the accident testified for the plaintiff. He testified that he had examined the truck after the accident. On cross-examination, he was asked if he had found anything defective with the truck. As the plaintiff claimed that the brakes were defective and the speedometer broken, the question was proper cross-examination. The witness answered that he found nothing defective.

There was no abuse of discretion by the trial court in sustaining the defendants' objection to the plaintiff's argument ostensibly quoting from the Scriptures. The particular quotation was entirely irrelevant to the issues in the trial. *Bryar* v. *Wilson,* 152 Conn. 162, 165, 204 A.2d 831.

There is no error.

In this opinion the other judges concurred.