STATE OF CONNECTICUT *v.* CHARLES E. McCOY

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. MV 5-21091

Argued July 11—decided October 21, 1966

*Benjamin M. Chapnick,* of New Haven, for the appellant (defendant).

*Arnold Markle,* chief prosecuting attorney, for the appellee (state).

LEVINE, J. The defendant, in a trial to the jury, was convicted of speeding in violation of § 14-219 of the General Statutes and in his appeal assigns these errors: (1) The denial of his motion to set aside the verdict; (2) the denial of his motion to correct the finding; (3) the court's failure to charge in accordance with the defendant's requests; (4) the setting of a $500 bond for the appeal; (5) certain rulings on evidence.

The state claimed to have proved that on September 6, 1965, at 10:30 p.m. the defendant was clocked by radar at seventy-four miles per hour while traveling westerly on the Connecticut Turnpike, on which the posted speed was sixty miles per hour; that the Connecticut Turnpike is a multiple-lane limited-access highway; that the radar unit was tested in the usual fashion by the use of three tuning forks at forty, sixty and eighty miles per hour when the set was first put in operation that day at 10:20 p.m. and again at the end of the period of operation at 11:15 p.m. and was found to operate correctly; that the radar operator observed the chase car take up a position behind the defendant's vehicle; that the radar equipment was tested at the factory July 21, 1965, and found to be operating properly; that the tuning forks are tested at the factory every six months; that a large gouge or a bending of the tuning forks is required to make them operate improperly; and that the defendant was the operator of the motor vehicle.

The defendant claimed to have proved that on the night in question he observed the radar unit in the westerly lane while he was proceeding easterly; that when he returned in the westerly lane, with his knowledge of the radar machine location, he noted his speed on two occasions and on both occasions he was not in excess of sixty-five miles per hour; that in the two lanes of the roadway to his right as he went through the radar field there were other vehicles which were parallel to and abreast of him and going at the same speed; that the night was clear and weather conditions good; that the stylus needle on the graph equipment was not tested that night; and that the tuning forks were not tested for accuracy that night.

The assignments of error in the finding that the court failed to include the questions of admission or rejection of evidence which the draft finding requested indicate that there is a misunderstanding of the function of a finding in a jury case in the Circuit Court. The finding is simply a statement of the relevant facts which each of the parties claims to have offered evidence to prove and claims were proven, made for the purpose of presenting to the appellate court errors which the appellant claims were made in the charge. Practice Book § 999. This section differs from § 635 of the Practice Book, which governs the finding in jury cases on appeal to the Supreme Court and permits the presentation of claimed errors in the course of the trial and in evidence as well as in the charge. *Peterson* v. *Meehan,* 116 Conn. 150, 153; Maltbie, Conn. App. Proc. §§ 145, 147. So far as the Supreme Court is concerned, the sole purpose of the finding "is to enable the presentation of claimed errors in the charge and rulings of the court, and if it fairly does this it will not be corrected." *Peterson* v. *Meehan,* supra. It serves no useful purpose to seek correction in the

finding as regards unessential details or facts which do not serve to make clear the situation as related to the claimed errors. *Krowka* v. *Colt Patent Fire Arm Mfg. Co.,* 125 Conn. 705, 711; *Voronelis* v. *White Line Bus Corporation,* 123 Conn. 25, 27. It should be further noted that the suggested forms for findings in the Supreme Court (Practice Book, Forms 603, 604) differ from forms for findings in the Circuit Court (Practice Book, Forms 817, 820, 821). See Practice Book § 648.

Even if it were permissible to include in the finding claims of error in rulings on evidence, it would not have availed the defendant, since he failed to state his claim of admissibility or inadmissibility of the evidence which he claimed to be admissible or to which he objected. *Williams* v. *Consolidated Cigar Corporation,* 154 Conn. 98, 99; *Casalo* v. *Claro,* 147 Conn. 625, 630; Maltbie, Conn. App. Proc. § 147. Only one such requested finding concerning a question of evidence states the reason for the objection, namely, hearsay. The defendant claimed that the radar officer's testimony on the car description and its speed which he reported to the chase officer over the radio after he had clocked the defendant's car was hearsay. The officer was relating in court what he reported to the chase officer; this was not an extrajudicial assertion and therefore hearsay; rather it was in-court testimony upon which the officer could be cross-examined.

The questions of admissibility or rejection of evidence should have been assigned as error and exhibits drawn and referred to in accordance with §§ 1006 (4) and 989 (4) of the Practice Book. The remaining paragraphs of the finding which the defendant seeks to strike with respect to the court's charge find adequate support in the evidence, so that the state may claim to have proved them. The find-

ings which the defendant seeks to add were included in the finding, and while they are not stated in the exact words used by the defendant, they were adequately stated in the court's phraseology.

The defendant made certain requests to charge which he claims were not complied with by the court. Our examination of the charge reveals that all the requests were given by the court in its own language in accordance with the evidence which the defendant claimed to have proved; *Ziskin* v. *Confietto*, 137 Conn. 629, 634; and that the charge met the test of legal accuracy, adaptability to the issues, and sufficiency as a guide to the jury in reaching a verdict. *D'Addario* v. *American Automobile Ins. Co.*, 142 Conn. 251, 254. The request to charge that judicial notice could be taken that radar equipment is inaccurate to the extent of two to five miles per hour, a request which the defendant claims should have been incorporated in the charge, finds no basis in the evidence produced by the state or the defendant. The only testimony in which reference to the subject is found is where the defendant asked the radar officer on the stand, "Is not such a tolerance true?" The answer was "No." Certainly the defendant could not have claimed that evidence of the proposition which he desired to have incorporated in the charge was produced.

The contentions and substance of the other assignments of error made by the defendant are answered by *State* v. *Tomanelli*, 153 Conn. 365. In that case, the radar operator was held qualified to testify as to the accuracy and operation of the radar machine on the basis of training and experience almost identical with that of the radar operator in this case, without proof that he had the knowledge of a radar scientist. The portion of the graph pertaining to the defendant's car was admitted in evidence in

*Tomanelli* over the defendant's objection that the entire roll of graph paper should be introduced. The Supreme Court there held (p. 374) that objection on the ground that the entire roll of graph paper should have been admitted was not valid. The Supreme Court in *Tomanelli* laid down the rule that the ability of the scientific principle on which a radar instrument operates, if the principle is correctly applied, to measure speed accurately is a subject which a court, in its discretion, may judicially notice, and that a radar instrument which is shown to be completely and adequately tested may provide competent evidence of speed. In the instant case, the defendant raised the same questions which the Supreme Court disposed of in *Tomanelli*. See *State* v. *Naumec*, 3 Conn. Cir. Ct. 575. The defendant, however, claims to have attacked the accuracy of the tuning forks, a question raised by the Supreme Court in *Tomanelli* but not answered, by asking the state's witness if they could be inaccurate by reason of having been dropped or nicked. To this question the officer's answer was that the fork would have to be bent or a big gouge taken out of it. The officer's answers to these questions did not provide evidence that the tuning forks used to test the radar machine employed in this case were inaccurate by reason of their being dropped or gouged, and the defendant offered no other evidence to that effect. As a result, there was no evidence produced upon which the defendant could claim that he had shown the tuning forks to be inaccurate and therefore the radar machine to be inadequately tested.

The assignment of error claiming that upon all the evidence the defendant was not guilty beyond a reasonable doubt is encompassed in the error assigned in the denial of the motion to set aside the verdict, since on the latter assigned error we review all of the evidence and examine and test it to deter-

mine if there was evidence to support the jury, acting fairly and reasonably, in finding the defendant guilty. *State* v. *Chin Lung,* 106 Conn. 701, 704. By itself, such an assignment of error has no standing, since in a criminal case tried to the jury the appeal may not be taken from the jury's verdict; rather, a ground of appeal may be the action of the trial court on motions directed to the verdict, such as a motion to set aside the verdict, a motion for judgment non obstante veredicto, or a motion in arrest of judgment. *State* v. *Schofield,* 114 Conn. 456, 459; *State* v. *Frost,* 105 Conn. 326, 331; *State* v. *Butrewich,* 3 Conn. Cir. Ct. 352; Maltbie, Conn. App. Proc. §§ 181, 182, 201, 207. In our consideration of a motion to set aside the verdict, great weight must be accorded to the ruling of the trial court on the motion, and all reasonable presumptions made in its support. *Uncas Paper Co.* v. *Corbin,* 75 Conn. 675, 677. Our examination of all the evidence satisfies us that there was evidence upon which the jury, acting fairly and reasonably, could have reached a verdict of guilty.

The last assignment of error concerns the fixing of the appeal bond under § 974 of the Practice Book. The defendant claims that fixing this bond at $500 constitutes a violation of the provisions of the eighth amendment to the United States constitution and article first, § 8, of the Connecticut constitution, both relating to excessive bail. To present this assignment of error to us adequately, the defendant should have requested of the trial court and presented to us a special finding on what occurred at the time of the fixing of the bond for appeal and on the hearing on his motion for reduction of the bond (the bond having already been filed with the court). Since such a finding was not made or presented to us, there is nothing in the record upon which this court can act, although it would ordinar-

ily appear that a $500 appeal bond for a traffic violation for which the maximum fine is $100 would be more than is required to secure the appearance of the defendant and his submission to the judgment of the court, which is the essential purpose of a bond. *Ex parte McAnally,* 53 Ala. 495. In addition, there is nothing in the record to indicate whether the defendant availed himself of the statute providing for application for reduction of excessive bail. General Statutes § 54-69.

There is no error.

In this opinion JACOBS and KINMONTH, Js., concurred.