## STATE OF CONNECTICUT *v.* HAROLD MONROE

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. MV 12-36613

Argued June 12—decided September 1, 1967

*Dominic J. Ferraina,* of Hartford, for the appellant (defendant).

*Joel E. Janenda,* assistant prosecuting attorney, for the appellee (state).

MACDONALD, J. In a trial to the jury, the defendant was convicted of reckless driving in violation of § 14-222 of the General Statutes. In his appeal, he assigns as error (1) the admission of certain testimony of a witness for the state after an objection by the defendant was overruled and the "State Prosecutor Failed to Request a Decision as to Its Admission"; (2) that the court interrogated certain witnesses and became an advocate, and (3) the conclusion of the jury that on all the evidence the defendant was guilty of the crime charged beyond a reasonable doubt.

The last assignment of error, improperly advanced, we consider first. The procedure set out in § 995 of the Practice Book applies to appeals in

criminal cases tried to the court. Here, in a case tried to the jury, "the defendant did not move for a directed verdict or to set the verdict aside or for judgment notwithstanding the verdict. There was no action by the trial court on which the defendant could predicate error in respect to the verdict. For the appellate court to consider and test the evidence in a jury trial as to the conclusion whether upon all the evidence guilt was established beyond a reasonable doubt, the defendant must move the trial court to set aside the verdict and then assign as error the denial of this motion." *State* v. *Butrewich,* 3 Conn. Cir. Ct. 352, 353; see Practice Book § 1006; *State* v. *Schofield,* 114 Conn. 456, 459; *State.* v. *Frost,* 105 Conn. 326, 331; Maltbie, Conn. App. Proc. §§ 181, 182, 201, 207. The evidence is not before us.

During trial, the assistant prosecutor addressed to one of the two truck drivers, both of whom testified for the state, a question with reference to an altercation between the defendant and the two truck drivers which took place at the intersection of routes 30 and 5 after all of the three motor vehicles involved had come to a stop. The defendant objected on the ground that the evidence was irrelevant to the charge of reckless driving. The court overruled the objection, and thereafter the witness was permitted to testify in some detail as to this altercation. The short answer to the assignment of error is that it was not incumbent upon either the assistant prosecutor or the trial judge to try the defendant's case for him. Upon his objection being overruled, the defendant failed to take an exception and cannot now raise this issue as a ground of appeal. Practice Book § 226 & annotations thereto. The defendant, however, urges upon us the applicability of Practice Book § 227, contending that the assistant prosecutor should have requested the trial

court's ruling on the admissibility of the testimony. The defendant overlooks the portion of Practice Book § 227 which by its clear context limits the applicability thereof to trials in a civil action. For the basis of this rule, see *Kovacs* v. *Szentes,* 130 Conn. 229; 1 Kaye & Moller, Conn. Practice § 227, and author's comment.

With respect to the second assignment of error, the defendant contends that the trial judge abused his discretion by interrogating the state's witness, Devlin, in such a manner that the judge became an advocate and prejudiced the defendant's right to a fair, impartial trial. In this regard the defendant's contention is refined by his argument that the net effect of the questioning amounted to a usurpation of the functions of the prosecutor and left the impression upon the jury that the court felt there should be a finding of guilty. This assignment of error is without merit. Whether or not a trial judge shall question a witness is within his sound discretion. See *State* v. *Smith,* 3 Conn. Cir. Ct. 538, 544. "The trial judge occupies an impartial position and one of commanding authority, and it often happens in a court-room that he may ascertain the truth when counsel has failed. Whether or not the trial judge shall question a witness is within his sound discretion. The extent of the examination is likewise within his sound discretion. . . . The judge must not exhibit bias or prejudice nor take sides. . . . The judge must never permit himself to become the advocate. . . . So long as he exercises his right to question a witness fairly his discretion will not be reviewed." *State* v. *Cianflone,* 98 Conn. 454, 469. "A judge is not an interlocutor presiding over a debate. He is a minister of justice. . . . To this end, he is empowered to exercise a reasonable discretion in the conduct of a trial." *McWilliams* v. *American Fidelity Co.,* 140 Conn. 572, 580. Here, the

record fails to show that the trial judge exceeded the limits of sound discretion or did other than seek to elicit the true facts more clearly for the benefit of the jury, as he had a perfect right to do; nor does the record disclose that the trial judge acted in any manner as an advocate or as a prosecutor. The defendant argues that in *State* v. *Gionfriddo*, 154 Conn. 90, 96, our ruling in *State* v. *Smith*, supra, was modified if not overruled. This is not so. A reading of *State* v. *Gionfriddo*, which involved a trial to the court in a criminal proceeding, impels the conclusion that the reversal of the judgment was based in very small part, if at all, upon the interference by the trial judge with the rigorous cross-examination by the defendant's counsel of certain witnesses for the state. In the instant case, the trial judge not only did not exceed the proper limits with respect to the questioning of witnesses but had the right, almost the duty, to ascertain on the record for the jury's consideration certain relevant facts. *McWilliams* v. *American Fidelity Co.*, supra, and cases cited.

There is no error.

In this opinion KOSICKI and DEARINGTON, Js., concurred.