STATE OF CONNECTICUT *v.* GLEN GOSSELIN

HOUSE, C. J., LOISELLE, MACDONALD, LONGO and BARBER, JS.

Argued May 14—decision released August 19, 1975

*Irwin A. Snyder,* special public defender, for the appellant (defendant).

*Ernest J. Diette, Jr.,* assistant state's attorney, with whom, on the brief, were *Arnold Markle,* state's attorney, and *Michael Dearington,* assistant state's attorney, for the appellee (state).

LONGO, J.   The defendant, Glen Gosselin, was charged in a two-count information with the crimes

of attempted burglary, second degree, and conspiracy. He was tried by a jury and found guilty on both counts.[1]

The defendant assigns as error the denial by the court of the "defendant's motions for directed verdict at the close of the State's case, and at the close of the defense." He also assigns as error certain rulings by the court on the admissibility of evidence and attacks portions of the charge to the jury.

In his brief, the defendant attacks the court's charge. He has not assigned the charge as error; the charge is not included in the finding, nor does the appendix indicate the nature of the defendant's complaints as to the court's charge. Hence, this court does not have sufficient information before it to permit a review of this claim. Practice Book § 652.

The defendant assigns as error the admission by the court of the testimony of Mrs. Cecile Wardell. She testified that on a night, the date of which she could not specify, she had heard a knock on the door of the house on Green Hill Road where she was living. When she went to the door, she found no one there, but heard the sound of footsteps as though people were running away. Mrs. Wardell's testimony did not include hearsay evidence. The issue of the relevancy of this testimony, while

[1] While no mention was made in the briefs or in oral argument, it appears that there was a typographical discrepancy between the information and the judgment, as printed in the record. Count one of the information charged the defendant with the crime of *attempted burglary,* second degree; however, the judgment as printed in the record states that the defendant was convicted of *burglary,* second degree. In view of this discrepancy, we examined the original judgment of the court as entered and found that it was a judgment of guilty of attempted burglary, the typographical error having occurred in the printing of the record for this court.

raised in the assignment of errors, has not been briefed and is therefore considered to have been abandoned. *State* v. *Marsh,* 168 Conn. 520, 521, 362 A.2d 523.

The defendant assigns as error the failure of the court to strike as hearsay the testimony of Craig R. Philippe, the principal witness against the defendant, placing the date of the offense as January 29, 1972. This assignment of error has no merit. The witness testified on cross-examination that he had been called from a party which he knew had been held the night of the last Saturday in January and when the police had showed him a calendar he had picked out January 29, 1972. The verification of that date by reference to a calendar merely confirmed a fact of which the court could have taken judicial notice. See *State* v. *Morris,* 47 Conn. 179, 180; Holden & Daly, Conn. Evidence § 33.

The defendant claims error in the trial court's denial of his motions for a "directed verdict," after the state had rested and at the close of all the evidence. We treat the first motion as a motion to dismiss. In a criminal case, a verdict will be directed only when "the reasoning mind could not reasonably reach a conclusion other than that the evidence, under the law, is not sufficient to justify a finding of guilty beyond a reasonable doubt." *State* v. *Torello,* 100 Conn. 637, 643, 124 A. 375; General Statutes § 54-89; Maltbie, Conn. App. Proc. § 203. Denial of a motion for a directed verdict "is reviewed on the evidence alone and not on the finding." *State* v. *Amendola,* 152 Conn. 166, 168, 204 A.2d 836.

Under the appellate rules in effect at the time the appeal was taken, all evidence which was mate-

rial to the issues on appeal was required to be printed in the appendices to the briefs. Practice Book §§ 645, 721. Set out in narrative form in the state's appendix is the testimony of Philippe, the principal witness against the defendant. Philippe testified that on January 29, 1972, a friend had called him out of a party he was attending and told him someone wanted to see him. In a car parked outside, Philippe and another individual met the defendant and a friend. The defendant and his friend asked Philippe and the other individual if they would steal some gold coins from a house on Green Hill Road in the town of Madison. The individual with Philippe refused and returned to the party. The defendant then drove Philippe and the other person to the house, where they took a tire iron from the car and approached the house while the defendant drove up and down the street waiting for their return. The two individuals knocked on the door to see if anyone was home. Hearing the voice of someone who was coming to the door, the two ran back to the street where they were picked up by the defendant. It is clear from the testimony of the state's witnesses recited above that there was sufficient evidence to submit the case to the jury and to sustain its verdict of guilty on both counts, as all the elements required by the statutes were presented by the state.[2] By driving

---

[2] "[General Statutes] Sec. 53a-48. CONSPIRACY. . . . (a) A person is guilty of conspiracy when, with intent that conduct constituting a crime be performed, he agrees with one or more persons to engage in or cause the performance of such conduct, and any one of them commits an overt act in pursuance of such conspiracy. . . ."

"[General Statutes] Sec. 53a-49. CRIMINAL ATTEMPT: SUFFICIENCY OF CONDUCT; RENUNCIATION AS DEFENSE. (a) A person is guilty of an attempt to commit a crime if, acting with the kind of mental state required for commission of the crime he: . . . (2) intentionally does or omits to do anything which, under the circumstances as he

Philippe and another to the house, the defendant was guilty of conspiracy in that he committed an overt act in pursuance of their agreement to burglarize the Wardell house. That conduct also constituted a substantial step in the course of attempting to commit the burglary in transporting the others and in waiting to provide a quick getaway in case any alarm system, which they thought was in the house, was activated. Although the defendant denied that he had done any of the acts described by Philippe, the credibility of witnesses and the weight to be given testimony is for the jury to determine. *Martino* v. *Palladino,* 143 Conn. 547, 548–49, 123 A.2d 872; Maltbie, Conn. App. Proc. § 194.

There is no error.

In this opinion the other judges concurred.

---

believes them to be, is an act or omission constituting a substantial step in a course of conduct planned to culminate in his commission of the crime. (b) Conduct shall not be held to constitute a substantial step under subdivision (2) of subsection (a) unless it is strongly corroborative of the actor's criminal purpose. Without negating the sufficiency of other conduct, the following, if strongly corroborative of the actor's criminal purpose, shall not be held insufficient as a matter of law: . . . (3) reconnoitering the place contemplated for the commission of the crime; (4) unlawful entry of a structure, vehicle or enclosure in which it is contemplated that the crime will be committed; (5) possession of materials to be employed in the commission of the crime, which are specially designed for such unlawful use or which can serve no lawful purpose of the actor under the circumstances; (6) possession, collection or fabrication of materials to be employed in the commission of the crime, at or near the place contemplated for its commission, where such possession, collection or fabrication serves no lawful purpose of the actor under the circumstances . . . ."