[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
This is an appeal from a decision of the Milford Planning and Zoning Board which granted a special permit on April 2, 1991 to allow expansion of existing docking facilities on property at Rogers Avenue in Milford. The plaintiff, Michael Wagner, has taken the appeal pro se and alleges that he owns property near the land for which the special permit was approved. The appeal was served on the defendants on April 20, 1991 with a return date of May 13, 1991. The defendant Board has moved to dismiss the action on two grounds: (1) the appeal was not returnable to a Tuesday as required by section 52-48 (a) of the General Statutes; and (2) the plaintiff has not filed a surety bond as required by section 8-8 (h) of the General Statutes.
The defendants filed an appearance in this action on May 13, 1991. The motion to dismiss was filed May 24, 1991, within 30 days of the filing of an appearance as required by section 142 of the Practice Book. When a motion to dismiss is filed the court must dispose of it before proceeding further with the case. Castro v. Viera, 207 Conn. 420, 429.
Section 52-48 (a) requires process in civil actions brought to the Superior Court to be made returnable on any Tuesday in any month. Judicial notice can be taken from reference to a calendar of the fact that May 13, 1991 is a Monday. State v. Gosselin, 169 Conn. 377, 379. An improperly specified return date affects the court's jurisdiction. Carlson v. Fisher, 18 Conn. App. 488, 495; Hartford National Bank Trust Co. v. Tucker, 178 Conn. 472,478-79; Brandriff v. Sellas, 40 Conn. Sup. 243, 244. More than 30 days have passed since the defective return date, there has been no attempt to amend the appeal even if allowed by statute, so the motion to dismiss must be granted on this ground.
Section 8-8 (h) of the General Statutes provides in part as follows:
 "The authority issuing a citation in the appeal shall take from the appellant . . . a bond or CT Page 5462 recognizance to the board, with surety to prosecute the appeal to effect and comply with the orders and decrees of the court."
The plaintiff filed a recognizance bond with the appeal which complies with the statute except that it does not contain a surety. The same statute was considered in Corden v. Zoning Board of Appeals, 131 Conn. 654, 657 (1945), where the appeal contained only the recognizance of an individual without any surety that the plaintiffs would prosecute the appeal to effect and pay any costs for which judgment might be rendered against them. The court questioned the necessity for the statutory bond but determined that it could find not any basis for reading an exception into the statute, and held that "the failure of the plaintiffs to file a bond of the character specified was sound ground for the abatement of the appeal." Id., 657. In Sheehan v. Zoning Commission,173 Conn. 408, 409, a similar defect existed, namely a recognizance of an individual without any surety. The court indicated that the failure to provide a proper bond was a serious irregularity, but it did not prevent subject matter jurisdiction over the appeal, and that the defect could have been waived by the defendant or cured by the plaintiffs by filing an amendment based on section 52-128 and section 131 of the Practice Book within 30 days after the return day. Id., 411, 412.
The Board's motion to dismiss was timely, it has not waived the defect, and the plaintiff did not amend the appeal within 30 days after the return date. The plaintiff has not raised any ground based on any statute or rule why the appeal should not be dismissed. Since failure to file a proper bond under section 8-8 (h) makes the appeal voidable, the motion is also granted on that ground. Corden v. Zoning Board of Appeals, supra, 658.
The motion to dismiss is granted.
ROBERT A. FULLER, JUDGE.